OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT

Marcia M. Waldron
Clerk

21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Telephone
267-299-4916

pacer.ca3.uscourts.gov

January 4, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

RECEIVED
HARRISBURG, PA
JAN 08 2002
MARY E. D'ANDREA, CLERK
Per _____

RE: Docket No. 00-4200
    Norris  vs. Vaughn
    D. C. CIV. No. 00-cv-01856

Dear Mrs. D'Andrea:

   Enclosed is a certified copy of the judgment in the above-entitled case, together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

   We return herewith the certified record in the case.

   Kindly acknowledge receipt for same on the enclosed copy of this letter.

   Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

                              Very truly yours,
                              MARCIA M. WALDRON
                              Clerk


                         By:  Anthony W. Infante
                              Case Manager


Enclosure

cc:
     Leon Norris #ED-8178 Jr

ack'n'd
1-8-02



CPS-41          UNITED STATES COURT OF APPEALS
                    FOR THE THIRD CIRCUIT

No. 00-4200



FILED
JAN 0 8 2002
PER _____
HARRISBURG, PA  DEPUTY CLERK

LEON NORRIS, JR.,
                              Appellant

v.

VAUGHN, Deputy Superintendent;
JOHN DOE, Officer, Assistant Superintendent;
ALL JOHN DOES

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 00-cv-01856
(District Court: Honorable Sylvia H. Rambo)

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 21, 2001

Before:  SCIRICA, AMBRO and STAPLETON, Circuit Judges

**JUDGMENT**

This cause came to be considered on the record from the United States District Court for the Middle District of Pennsylvania and was submitted for possible dismissal under 28 U.S.C. § 1915(e)(2)(B). On consideration whereof, it is now here ORDERED

AND ADJUDGED by this court that the appeal is dismissed under 28 U.S.C. § 1915(e)(2)(B). All of the above in accordance with the opinion of this Court.

ATTEST:

*[signature]*

Clerk

DATED: 13 December 2001

Certified as a true copy and issued in lieu
of a formal mandate on January 4, 2002

Teste: *[signature]*

Clerk, United States Court of Appeals
for the Third Circuit

CPS-41                                                UNREPORTED-NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-4200

LEON NORRIS, JR.,
                        Appellant

v.

VAUGHN, Deputy Superintendent;
JOHN DOE, Officer, Assistant Superintendent;
ALL JOHN DOES



On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 00-cv-01856
(District Judge: Honorable Sylvia H. Rambo)

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
November 21, 2001

Before:  SCIRICA, AMBRO and STAPLETON, Circuit Judges

(Filed: December 13, 2001)

OPINION

PER CURIAM.

Appellant Leon Norris, Jr., proceeding pro se and in forma pauperis, appeals the District Court's dismissal of his complaint. We will dismiss the appeal as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Norris filed a 42 U.S.C. § 1983 complaint on October 18, 2000.[1] Norris claims, it appears, that appellees violated his Eight Amendment rights when they failed to protect him and to provide him with adequate medical care following a prison incident in April 1998 during which he was stabbed by unknown inmates. The District Court found the complaint time-barred and dismissed it as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Title 28 U.S.C. § 1915(e)(2)(B)(i) requires us to dismiss a case "at any time" if the appeal "is frivolous or malicious." An appeal is frivolous if it "lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We agree with the District Court that the complaint is time-barred. As the District Court correctly noted, claims brought pursuant to § 1983 are subject to the state statute of limitations for personal injury actions. See Owen v. Okure, 488 U.S. 235, 250 (1989). The statute of limitations for a personal injury action in Pennsylvania is two years. See

---

[1] The complaint is dated October 7, 2000.

2

42 Pa. C.S.A. § 5524(2), (7). The statute begins to run when "the plaintiff knew, or through the exercise of reasonable diligence should have known, of the injury and its cause." Urland v. Merrell-Dow Pharm., Inc., 822 F.2d 1268, 1271 (3d Cir. 1987).

Here, the allegedly unconstitutional conduct occurred in April 1998. The complaint was filed more than two years later. Norris' contention that he was unable to bring the complaint sooner because he was not mailed the results of the investigation into the prison incident is unavailing. The statute starts to run, however, when a potential plaintiff knows of his injury and its cause; the two-year limitation period is provided so that there is time thereafter to investigate. Although Norris may not have known all the facts necessary to establish his claim, there is no question that he knew of his injury and the cause thereof in April 1998. He does not contend otherwise. We find no basis in this record for invoking the doctrine of equitable tolling.

For the foregoing reasons, we will dismiss the appeal as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).